**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**BRANDON MENG**                                                           **PLAINTIFF**

**VS.**                                                    **CIVIL ACTION NO. 2:24-cv-199-KS-MTP**

**WILLIAM CAREY UNIVERSITY,**
**acting through its Division of the College of**
**Osteopathic Medicine,**
**ITALO R. SUBBARAO, D.O., and**
**EDWARD FRIEDLANDER, M.D.**                                              **DEFENDANTS**

**REBUTTAL IN SUPPORT OF DEFENDANTS' JOINT**
**MOTION TO STAY DISCOVERY**

Defendants William Carey University ("WCU"), Italo R. Subbarao, D.O., ("Dean

Subbarao"), and Edward Friedlander, M.D., ("Professor Friedlander") (collectively,

"Defendants") submit this Rebuttal in Support of their Joint Motion to Stay Discovery [Dkt. #26],

and in support hereof show unto the Court the following:

**ARGUMENT**

Defendants moved under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's lawsuit, in which

he alleges racial and disability discrimination coupled with general grievances about Dean

Subbarao's decision to issue him a non-academic warning in a student discipline proceeding.  This

case can be decided on the law alone, and if Defendants' motions to dismiss are granted, then this

case will end.  Thus, discovery is unnecessary at this time and would do nothing but increase legal

fees.  Moreover, Plaintiff Brandon Meng has not explained his claim that a temporary stay would

prejudice any party.  Consequently, the Court should stay discovery until it has ruled on

Defendants' motions to dismiss this lawsuit.

In response to Defendants' Motion to Stay, Plaintiff contends a party must show a "pressing

need" to the Court to stay a case.  *See* [Dkt. #33] at 2, citing *Landis v. N. Am. Co.*, 299 U.S. 248,

255 (1936).  But the Supreme Court's reference to a "pressing need" in *Landis* referred to "a stay of indefinite duration" in cases where "an unwilling litigant [must] wait upon the outcome of a controversy to which he is a stranger." *Landis*, 299 U.S. at 255.  *Landis* has no bearing on motions like Defendants'.  The governing standard here requires only "good cause."  Fed. R. Civ. P. 26(c).  Importantly, "[g]ood cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced." *Dowdy & Dowdy P'ship v. Arbitron Inc.*, 2010 WL 3893915, at *1 (S.D. Miss. 2010) (citation omitted).  Defendants have clearly shown good cause: they moved to dismiss all claims against them, their requested stay would last only until the Court has ruled on their motions, and Plaintiff asserted no prejudice *because of a stay*.  Plaintiff's shortcoming here speaks for itself.

Plaintiff next argues that there is no automatic stay.  *See* [Dkt. #33] at 2.  Defendants never argued a stay is automatic here.  As stated above, it requires a showing of good cause.  *See Dowdy*, 2010 WL 3893915, at *1.  Defendants point to one case, *Knoth v. Sw. Mississippi Reg'l Med. Ctr.*, 2019 WL 6110056 (S.D. Miss. Aug. 9, 2019) where the Court denied a motion to stay while a motion to dismiss was pending.  But the facts of *Knoth* are readily distinguishable from this case.  In *Knoth*, the plaintiff moved to stay discovery nearly three months after one of the defendants moved to dismiss the claims against it and fourteen months after filing the lawsuit.  *Id.* at *1.  And the plaintiff moved to stay only because she was unprepared for the rapidly approaching expert designation deadline, as evidenced by her moving to extend that deadline mere days after moving to stay.  *Id.* The Court recognized that "discovery *may* be stayed pending the outcome of a motion to dismiss," but that a stay was not appropriate under those particular facts.  *Id.* (emphasis in original).  Here, however, Defendants quickly moved to stay discovery because this case can be decided on the law alone without any need for evidence.  Thus, Defendants have shown good cause

2

to stay discovery, compared to *Knoth* where the plaintiff argued only that she was unprepared to comply with discovery deadlines.

Plaintiff next cites two cases to stand for the proposition that avoiding unnecessary, expensive, and time-consuming discovery at this stage of litigation is insufficient to warrant a stay under Rule 26(c). *See* [Dkt. #33], at 3. As stated above, that is incorrect. *See Dowdy*, 2010 WL 3893915, at *1. Plaintiff's first case on this point, *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102, n.16 (1981), held that a protective "order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Id.* at 101. The order discussed in *Bernard* was obviously much more restrictive than a temporary stay order, so the Supreme Court recognized the importance of detailed fact-finding. *Id.* But that is not the case here, where courts routinely grant stay orders when doing so can avoid discovery pending a ruling on a motion to dismiss a case. *See Dowdy*, 2010 WL 3893915, at *1.

Plaintiff cites a second case, *United States ex rel. Monsour v. Performance Accounts Receivable, LLC*, 2021 WL 11707656 (S.D. Miss. Sept. 29, 2021). The Court relied on its broad discretion to deny a motion to stay premised on a desire to avoid the expense of discovery. *Id.* at *1. But that case sticks out like a sore thumb. That case was a False Claims Act *qui tam* case that was already ***five years old*** and had ***previously been stayed for 31 months*** because of pending criminal proceedings against one of the codefendants, Wade Walters. *Id.* Simply put, the Court was understandably reluctant to further delay that case's conclusion. An additional stay in that case would have prolonged a case that had already languished on the Court's three-year list under the Civil Justice Reform Act. Those significant concerns, which are absent here, overpowered the defendants' desire for another stay.

Plaintiff next attempts to distinguish the caselaw cited by Defendants. Plaintiff argued that *Ferris v. Amazon.com Servs., LLC*, 2025 WL 684275 (N.D. Miss. Mar. 3, 2025), is inapplicable because the defendant in that case moved to dismiss under Rule 12(b)(6) and Rule 12(b)(1), and the local rule regarding jurisdictional motions to dismiss is inapplicable here. *See* [Dkt. #33], at 3.[1] But the district court did not base its ruling on that local rule. In *Ferris*, the district court relied on its discretion rather than the Local Rules to stay discovery because discovery at that time would only waste the "parties' and the courts' resources." *Id.* at *2. The district court so held because "the challenge made by Defendant in the pending motion to dismiss is one to the pleading itself and does not appear to require or necessitate discovery to adjudicate, it would be wasteful of all parties' and the court's resources to conduct further discovery at this time." *Id.* Importantly, the court "note[d] that no separate motion to dismiss for lack of jurisdiction appears on the docket. Rather…the docket reflect[ed] the filing of a motion to dismiss for failure to state a claim. However, a review of the motion to dismiss clearly references lack of jurisdiction, which provide[d] the court a discretionary basis to stay discovery." *Id.* at *2 n.4. Simply put, the district court in *Ferris* stayed discovery for the same reasons applicable here. Plaintiff misreads the opinion.

As for the other case Plaintiff references, *Harris v. DeSoto County, Mississippi*, 2025 WL 262443 (N.D. Miss. Jan. 22, 2025), there were a litany of reasons a stay was not warranted in that case. First, the jurisdictional defense—which applied only to one defendant in the case—was weak; second, the defense, if successful, would not end the entire case; third, the defendant would not be relieved from discovery, even if the jurisdictional motion to dismiss proved successful,

---

[1] Importantly, motions under Rule 12(b)(1) are automatically stayed upon a motion by the movant, *see* Loc. R. Civ. P. 16(b)(3), but motions under Rule 12(b)(6) are only eligible for discretionary stays.

because she was the custodian of most of the records relevant to the plaintiffs' claims against the defendants; and fourth, the defendants' motion to dismiss was foreclosed by binding Fifth Circuit caselaw, and the defendants conceded that they filed the motion solely to preserve the issue for appellate review. *See id*. at *1-3. Our case here is completely different from *Harris* in that Defendants have advanced several meritorious reasons for dismissal, which if granted would result in the dismissal of Plaintiff's entire lawsuit, and discovery at this time is completely unnecessary.

Plaintiff's final argument is that the Court's decision to stay discovery in *Dowdy & Dowdy P'ship v. Arbitron Inc.*, 2010 WL 3893915 (S.D. Miss. Sept. 30, 2010), is inapplicable here because *Dowdy* involved complex antitrust claims and there was a disparity in discovery costs between the parties in that case. *See* [Dkt. #33], at 4. Plaintiff appears to argue that his claims are simple, discovery will be inexpensive, and that the parties will incur similar discovery costs. But that is not the case. Plaintiff has asserted ten separate claims based on differing federal civil rights and disability statutes and less defined areas of state law. Plaintiff's claims are wide-ranging encompassing multiple, sometimes contradictory, theories of liability. Although *Dowdy* involved a separate area of law, Plaintiff's claims are no less complex. Nor would discovery be inexpensive. Discovery into Plaintiff's claims would require significant efforts by Defendants to locate, gather, and prepare a large amount of student and faculty discipline records, organize and prepare fact witnesses, and engage in expert discovery. Each of Plaintiff's ten claims will require factual discovery. That will create significant, unnecessary expenses that can be avoided by staying discovery. And contrary to Plaintiff's arguments, Defendants will be disproportionately disadvantaged by the discovery process in this case. That is because they are the custodians of nearly all discoverable records in this case, and they will be responsible for all fees associated with complying with Plaintiff's discovery requests and in propounding their own discovery requests to

defend this lawsuit.  In total, discovery will be a costly endeavor for Defendants, though the costs

can be avoided by staying discovery pending the Court's ruling on Defendants' motions to dismiss.

This is even more true given the three other pending lawsuits Plaintiffs' counsel has filed against

Defendants related to its non-renewal of three professors' contracts.[2]

In sum, Plaintiff has argued that because stays were unwarranted in some cases (which

were dissimilar to this case), that a stay is unwarranted here.  That analysis fails to recognize that

a stay is warranted here because it would prevent burdensome, expensive, and unnecessary

discovery.  And Plaintiff's analysis skipped a step; he failed to argue that he'd be prejudiced by a

brief stay of discovery.  In the absence of prejudice, the Court should stay discovery to protect

Defendants from unnecessary costs.  That is because discovery will play no role in the current

stage of litigation, and Plaintiff's claims can be decided on law alone.

### CONCLUSION

In sum, the Court should stay all discovery in this case until the Court has ruled on the

Defendants' respective motions to dismiss under Fed. R. Civ. P. 12(b)(6), because those motions

can be decided without the need for expensive, burdensome, and lengthy discovery.

This, the 1st day of May, 2025.

Respectfully submitted,

**ITALO R. SUBBARAO, D.O. and WILLIAM CAREY UNIVERSITY, DEFENDANTS**

By:    /s/ *Charles E. Cowan*
CHARLES E. COWAN (MSB #104478)

---

[2] The newest lawsuit, the fourth now pending in the Southern District of Mississippi, was filed on April 24, 2025.  *See* [Dkt. #1], *Morreale v. William Carey Univ.*, No. 2:25-cv-00057-TBM-RPM.

**OF COUNSEL:**
Charles E. Cowan (MSB #104478)
Jennifer H. Scott (MSB #101553)
Jack F. Hall (MSB #106482)
WISE CARTER CHILD & CARAWAY, PA
401 E. Capitol Street, Suite 600
Post Office Box 651
Jackson, Mississippi 39205
Telephone: (601) 968-5514
Facsimile: (601) 968-5519
cec@wisecarter.com
jhs@wisecarter.com
jfh@wisecarter.com

**EDWARD FRIEDLANDER, M.D.,
DEFENDANT**

By:  /s/ *Paul B. Watkins, Jr.*
PAUL B. WATKINS, JR. (MSB #102348)

**OF COUNSEL:**
Paul B. Watkins, Jr. (MSB #102348)
J. Andrew Mauldin (MSB #104227)
MAYO MALLETTE PLLC
2094 Old Taylor Road, Suite 200
Oxford, Mississippi 38655
Telephone: (662) 236-0055
Facsimile: (662) 236-0035
pwatkins@mayomallette.com
dmauldin@mayomallette.com

## CERTIFICATE OF SERVICE

I, Charles E. Cowan, hereby certify that I have electronically filed the foregoing with the Clerk of Court using the ECF system, which automatically sent email notification to all counsel of record.

SO CERTIFIED:  May 1, 2025

/s/ *Charles E. Cowan*
CHARLES E. COWAN

7