IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**BRANDON MENG**                                                                  **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 2:24-cv-199-KS-MTP**

**WILLIAM CAREY UNIVERSITY, ET AL.**                                 **DEFENDANTS**

**ORDER**

      THIS MATTER is before the Court on Defendants' Motion to Stay Discovery [26]. Having considered the parties submissions and the applicable law, the Court finds that the Motion [26] should be granted to the extent set forth herein.

      On December 23, 2024, Plaintiff Brandon Meng, a former medical school student at William Carey University, filed this action against the University, the Dean of the College of Osteopathic Medicine (Italo Subbarao), and a pathology professor (Dr. Edward Friedlander) alleging that Defendants wrongfully disciplined him and deprived him of a career as a physician. *See* Complaint [1].[1]

      In lieu of filing answers, Defendants filed Motions to Dismiss [10] [13] seeking dismissal of all the claims raised in the Complaint [1] for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Defendants also filed a Motion [17] requesting that the Court stay discovery pending a ruling on the Motions to Dismiss [10] [13].

---

[1] In his Complaint [1], Plaintiff asserted claims for violations of Title VI of the Civil Rights Act of 1964, breach of the student handbook, breach of the implied obligation of good faith, malicious interference with contract, discrimination based on ethnicity under 42 U.S.C. § 1981, breach of contract, and violations of commission of osteopathic college accreditation.

1

Thereafter, Plaintiff filed an Amended Complaint [19],[2] and as a result, the Court denied the Motions to Dismiss [10] [13] and the Motion to Stay Discovery [17] as moot.

Then, on April 10, 2025, Defendants filed Motions to Dismiss [22] [24] seeking dismissal of all the claims raised in the Amended Complaint [19]. Defendants again argue that Plaintiff has failed to state a claim upon which relief can be granted. Defendants also filed the instant Motion to Stay Discovery [26] requesting that the Court stay discovery pending a ruling on the Motions to Dismiss [22] [24]. Plaintiff opposes a stay of discovery.

Courts may stay discovery pending a ruling on a motion to dismiss where "(1) such motions are decided on the content of the complaint only, without regard to facts obtained during discovery; and (2) the motion, if granted, would dispose of the case, thus avoiding the effort and expense of discovery." *Dowdy v. Dowdy P'ship v. Arbitron Inc.*, 2010 WL 3893915, at *1 (S.D. Miss. Sept. 30, 2010).[3]

Here, however, a stay is unnecessary as discovery has not commenced. Generally, discovery cannot commence until the parties have conferred as required by Fed. R. Civ. P. 26(f). *See* Fed. R. Civ. P. 26(d). Pursuant to the Local Rules, this Court typically enters an Initial Order setting the deadline for the Rule 26(f) attorney conference and scheduling the case management conference. *See* L.U. Civ. R. 16(a).[4] But, because no Defendant has filed a responsive pleading,

---

[2] In his Amended Complaint [19], Plaintiff added claims for violations of the rehabilitation act and defamation.

[3] While discovery *may* be stayed pending the outcome of a motion to dismiss, "the issuance of [a] stay is by no means automatic." *Von Drake v. National Broadcasting Co.*, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004). In fact, such a stay is the exception rather than the rule. *See Ford Motor Co. v. United States Auto Club*, 2008 WL 2038887, at *1 (N.D. Tex. Apr. 24 2008). As one court observed, "[h]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b) [] would stay discovery, the Rules would contain a provision to that effect." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).

the Court has not yet entered an Initial Order, and the parties have not conducted a Rule 26(f) conference.

Unless the Court sets a different deadline, Defendants' answers are not due until 14 days after the Court's ruling on the Motions to Dismiss [22] [24]. *See* Fed. R. Civ. P. 12(a)(4). Without Defendants' answers, the scope of this litigation and, thus, the appropriate parameters for discovery are unknown.

A formal stay of discovery is unnecessary as the rules essentially postpone the commencement of discovery by delaying the entry of an Initial Order pending a ruling on the Motions to Dismiss [22] [24] and the filing of Defendants' answers.[5]

Rules aside, the Court finds that judicial economy is best served by addressing the threshold issues raised in the Motions [22] [24] prior to discovery. The Motions [22] [24] will be decided on the pleadings alone, and thus, discovery will not aid the Court in deciding the Motions [22] [24]. Second, Defendants seek dismissal of all claims, and the Court's ruling may dispose of the entire case or may narrow the issues to be litigated.[6] Finally, Plaintiff has not demonstrated that he would be prejudiced by a short delay in the commencement of discovery or that any particular discovery is necessary at this time.

---

[4] Local Rule 16(a) further provides that: "The court will strive to set the case management conference within sixty days of the filing of the first responsive pleading."

[5] To be clear, the filing of a motion to dismiss does not stay discovery. Rather, the absence of a responsive pleading simply renders discovery premature. For example, as pointed out by Plaintiff, this Court, in *Knoth v. SW Miss. Reg'l Med. Ctr.*, denied a stay of discovery pending the outcome of a motion to dismiss. 2019 WL 6110056, at *1 (S.D. Miss. Aug. 9, 2019). In *Knoth*, however, the defendants filed answers and the Court entered a case management order before the motion to dismiss was filed. *Id*.

[6] The Court notes that Plaintiff raises ten claims in his Amended Complaint [19].

IT IS, THEREFORE, ORDERED that Defendants' Motion to Stay Discovery [26] is GRANTED as set forth herein. No stay will be entered, but discovery will not commence until the Court has ruled on the Motions to Dismiss [22] [24], Defendants have filed responsive pleadings, and the Rule 26(f) conference is held, unless the Court orders or the parties stipulate otherwise. *See* Fed. R. Civ. P. 26(d).

SO ORDERED this the 12th day of May, 2025.

                                                 s/Michael T. Parker
                                                 UNITED STATES MAGISTRATE JUDGE